UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

MELISSA FILLMAN,                          :
                                          :
        Plaintiff,                      :
    v.                                    :       No. 13-cv-01609
                                          :
VALLEY PAIN SPECIALISTS, P.C. et al.,     :
                                          :
        Defendants.                     :
_____

# O R D E R

**AND NOW,** this 14th day of January, 2016, for the reasons set forth in the accompanying memorandum, **IT IS ORDERED THAT:**

1. Pursuant to the jury verdict in her favor, judgment is entered in favor of Plaintiff on Counts I, II, III, IV, VI, and VII of the Complaint, for claims of discrimination and retaliation under Title VII and the Pennsylvania Human Rights Act ("PHRA");

2. As a result, under Title VII and the PHRA, with respect to corporate Defendants Valley Pain Specialists, P.C., and Valley Surgical Center, Inc., and under the PHRA, with respect to individual Defendant Dr. Steven Mortazavi, judgment is entered in favor of Plaintiff and against all Defendants as follows:

    a. Plaintiff is awarded back pay in the amount of $77,494.92;

    b. Plaintiff is awarded front pay in the amount of $13,821.33;

3. Under the PHRA, judgment is entered in favor of Plaintiff and against all Defendants for compensatory damages in the amount of $100,000;[1]

4. Under Title VII, judgment is entered in favor of Plaintiff and against corporate Defendants Valley Pain Specialists, P.C., and Valley Surgical Center, Inc., for punitive damages in the amount of $50,000;

5. The Clerk of Court is directed to close this case.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] The jury awarded Plaintiff $100,000 in compensatory damages and $450,000 in punitive damages. Pursuant to 42 U.S.C. § 1981a, the compensatory and punitive damages combined that are available to Plaintiff under Title VII are limited to $50,000. See 42 U.S.C. § 1981a(b)(3)(A) (limiting damages to $50,000 in the case of a respondent with more than 14 but fewer than 101 employees); Parties' Joint Stipulation of Facts ¶ 5, ECF No. 41 (stipulating that Defendant Valley Pain Specialists had more than 15 but fewer than 50 employees). By contrast, there is no cap on compensatory damages under the PHRA; however, punitive damages are not available under that statute. See Gagliardo v. Connaught Labs., Inc., 311 F.3d 565, 570-71 & n.3 (3d Cir. 2002). The Third Circuit has observed that the absence of a damages cap in the PHRA "indicates that it was intended to provide a remedy beyond its federal counterpart," which in this case is Title VII. See id. at 571. The Third Circuit has also observed that district courts have an "obligation to uphold lawful jury awards whenever reasonable." Id. In this case, "given the similarity of [Plaintiff's Title VII and PHRA] claims and the jury's unapportioned award of damages, it is reasonable to infer that the jury intended to award its entire verdict to [Plaintiff]." See id. Accordingly, the Court "apportion[s] the damages so as to allow [Plaintiff] to recover the entire jury award, as reduced by the [Court]," apportioning the jury's $100,000 compensatory damages award to Plaintiff's PHRA claim and the jury's $450,000 punitive damages award (reduced to $50,000 pursuant to 42 U.S.C. § 1981a) to Plaintiff's Title VII claim. See id.